**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIAN DIOR WOMACK, | : | Civil No. 1:26-cv-01358 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| FERNANDO GARZA, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Christian Dior Womack ("Petitioner"), a federal inmate currently held at the United States Prison Canaan ("USP-Canaan") in Waymart, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S. C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1.) This is Petitioner's third Section 2241 petition challenging the same conviction and sentence. Petitioner has paid the filing fee in full and the court will now screen the petition. (Doc. 5.) Just as in Petitioner's prior two petitions, this petition will be dismissed for lack of jurisdiction.

### BACKGROUND

Petitioner is currently serving a term of life imprisonment after pleading guilty to one count of sex trafficking of a minor by force and two counts of sex trafficking by force. *United States v. Womack*, No. 2:13-cr-00206-MSG, Doc. 171, (E.D. Pa. Dec. 18, 2014). A review of the docket in the underlying criminal matter

1

reveals that direct appeals affirmed the conviction and sentence, and a Section 2255 petition was denied following a hearing.  *Id.*, Doc. 401.

Petitioner filed a § 2241 habeas corpus petition in this court in April of 2024 naming the United States of America as the respondent.  *Womack v. United States*, No. 1:24-cv-00658-JPW-EW, Doc. 1 (M.D. Pa.).  Following the payment of the filing fee, the court screened the petition pursuant to Rule 4, and dismissed the petition for failing to name a proper respondent.  *Id.* at Doc. 6.  On May 17, 2024, the court received and docketed an amended petition.  *Id.* at Doc. 7.  The amended petition named Warden Fernando Gaza, Warden at USP-Canaan, as the appropriate respondent and sought relief from the December 18, 2014 judgment in the Eastern District of Pennsylvania, alleging that "it was issued under a sentence on offenses that Christian Womack was never found guilty of."  *Id.*  The court screened the amended petition under Rule 4 and found that Petitioner could not challenge his sentence by way of a § 2241 petition in this court and dismissed the petition. *Womack*, No. 1:24-cv-00658-JPW-EW, Doc. 10.

On April 8, 2025, Petitioner filed a second petition under 28 U.S.C. § 2241. *Womack v. Garza*, No. 1:25-CV-00630-JPW-EW, Doc. 1 (M.D. Pa.).  Again, Petitioner challenged the conviction and sentence of the underlying criminal case. *Id.*  For a second time, the court found that it lacked jurisdiction in the Section 2241 petition and dismissed the petition.  *Id.*, Doc. 6.

2

On May 19, 2026, the court once again received and docketed a Section 2241 petition challenging the underlying conviction and sentence from Petitioner. (Doc. 1.)  Once again, Petitioner alleges that the sentencing court lacked jurisdiction to convict him for an offense he did not plead guilty to. (Doc. 1, p. 6.)[1] The court issued an administrative order requiring the payment of the filing fee or an application to proceed *in forma pauperis*.  (Doc. 4.)  On May 22, 2026, the court received the filing fee in full.  (Doc. 5).  The court will now screen the Section 2241 petition pursuant to Rule 4.

## DISCUSSION

This matter is before the court for screening pursuant to 28 U.S.C. § 2243. The § 2241 petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)).  Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.  *Allen v. Perini,* 424 F.2d 134, 141 (6th Cir. 1970).  Here, the court finds that it lacks jurisdiction and ordering an answer would be unnecessary.  Therefore, the court will dismiss the petition.

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

3

A habeas petition brought pursuant to Section 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement" or the "execution" of the confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241-42 (3d Cir. 2005). In determining whether the court has jurisdiction over the claims in a § 2241 petition, the court must consider whether granting the petition would "necessarily imply" a change to the fact, duration, or execution of the petitioner's sentence. *Mabry v. Warden Allenwood FCI Low*, 747 F. App'x 918, 919 (3d Cir. 2019) (quoting *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010)). Here, Petitioner is challenging something other than the fact or length of his confinement. His petition amounts to a collateral attack on his judgment of conviction and sentence. (Doc. 1.) As such, this claim is not within the core or traditional scope of habeas corpus petitions pursuant to Section 2241.

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring such challenges by way of 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255. The Third Circuit has stated that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).

Section 2255 provides, in relevant part, as follows:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

\*\*\*

(e) An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See* 28 U.S.C. § 2255.  Subsection (e) is commonly referred to as the "saving clause," and has historically been viewed as a legal basis to file a Section 2241 petition to collaterally attack a judgment following an unsuccessful Section 2255 petition, as Petitioner is attempting to do here.  However, the Supreme Court has recently held that the savings clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.  *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).

Accordingly, pursuant to *Jones*, Petitioner cannot challenge his sentence by way of a Section 2241 petition in this court.  Accordingly, the court must dismiss the petition for lack of jurisdiction pursuant to § 2255(e).

## CONCLUSION

The current petition is another repeat attempt by Petitioner to challenge the conviction and sentence in the underlying criminal case.  This court will dismiss the petition for lack of jurisdiction pursuant to Section 2255(e).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 26, 2026